### UNITED STATES DISTRICT COURT

### MIDDLE DISTRICT OF LOUISIANA

**JENEA ARNOLD**

**CIVIL ACTION**

**VERSUS**

**NO. 19-563-JWD-RLB**

**UNITED FINANCIAL CAUSALTY COMPANY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 18, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JENEA ARNOLD**

**CIVIL ACTION**

**VERSUS**

**NO. 19-563-JWD-RLB**

**UNITED FINANCIAL CAUSALTY COMPANY, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand (R. Doc. 7) filed on September 23, 2019. The deadline to file an opposition has expired. LR 7(f). Accordingly, the Motion is unopposed.[1]

## I.       Background

Jenea Arnold ("Plaintiff") initiated this personal injury action in the 19th Judicial District Court, East Baton Rouge, Louisiana, naming as defendants United Financial Casualty Company, JPM Trucking [LLC], Jiminez Clemente, and Progressive Paloverde Insurance Company. (R. Doc. 1-1, "Petition"). Plaintiff alleges that she was a passenger in a vehicle on the interstate that was struck in the rear by a commercial truck operated by Mr. Clemente. (Petition ¶¶ 5-7). Plaintiff alleges that she "sustained bodily injuries that required medical attention and treatment by a physician" and, as a result of the accident, she "has sustained damages including, but not limited to, pain and suffering, mental anguish and suffering, medical expenses, lost wages, loss of employment of life, and any and all other damages that may be proven at the trial of this matter." (Petition ¶¶ 16-17). Plaintiff seeks a jury trial. (Petition ¶ 19).

---

[1] The defendants state that they oppose the motion in the context of the filing of Joint Status Report. (R. Doc. 8). The defendants did not, however, file any written opposition to the instant Motion to Remand as required.

United Financial Casualty Company removed the action on August 23, 2019, asserting that this Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332. (R. Doc. 1). In support of a finding that the amount in controversy requirement is satisfied, the removing defendant asserts that Plaintiff's alleged damages and request for jury damages, along with Plaintiff's medical treatment and lack of binding stipulation limiting the amount in controversy, support a finding that the amount in controversy requirement is satisfied. (R. Doc. 1 at 3-5). The removing defendant does not attach any medical records to the Notice of Removal. Instead, the removing defendant submits an unsigned, incomplete draft document titled "affidavit" stating that the medical records received show "that Plaintiff has undergone physical therapy and at least one lumbar epidural steroid injection and at least one multilevel medial branch block to her lumbar spine" and "that Plaintiff could be a potential candidate for radiofrequency ablations based on the results of her multilevel medial branch block." (R. Doc. 1-3).

On September 23, 2019, Plaintiff filed the instant Motion to Remand. (R. Doc. 8).

## II.    Arguments of the Parties

In support of remand, Plaintiff argues that the allegations in the Petition are insufficient to establish that the amount in controversy requirement is satisfied because they are "boilerplate allegations of damages" that do not establish that the amount in controversy is facially apparent. (R. Doc. 7-1 at 2-4). Plaintiff does not address the unsigned affidavit in the Notice of Removal discussing the medical treatment obtained by Plaintiff. Plaintiff seeks recovery of attorneys' fees on the basis that the removal is frivolous. (R. Doc. 7-1 at 5).

None of the defendants have submitted any timely arguments in opposition to Plaintiff's Motion to Remand.

III.    **Law and Analysis**

A.    **Legal Standards**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").  Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).  If, however, the "State practice . . . permits the recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions, and are required to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a

finding of the jurisdictional minimum. *Id.* If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See, e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

**B.    Analysis**

There is no dispute that there is complete diversity.[2] Accordingly, the only issue with respect to whether the Court has diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a).

---

[2] The Notice of Removal asserts that Plaintiff is a citizen of Louisiana; JPM Trucking, LLC is a citizen of Florida; United Financial Casualty Company is a citizen of Ohio; and Progressive Paloverde Insurance Company is a citizen of Ohio. (R. Doc. 1 at 2-3).

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *See Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), *report and recommendation adopted*, 2012 WL 278685 (M.D. La. Jan. 31, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, No. 09-406, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal-Mart Stores, Inc.*, No. 09-302, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, No. 08-1296, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, No. 02-2740, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)). "When . . . the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'" *Dunomes v. Trinity Marine Products, Inc*., No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting *Broadway v. Wal-Mart Stores,* No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

Plaintiff alleges that she was a passenger in an automobile accident on the interstate, required medical attention, and sustained various injuries and damages. The Petition provides no specific information, however, regarding the injuries and damages incurred by Plaintiff as a result of the accident. The Court gives some weight to Plaintiff's request for a jury trial, which suggests that Plaintiff believes her claims to exceed $50,000, which is the threshold for a right to a jury trial in Louisiana under La. C.C.P. Art. 1732. In the absence of any specific details in the Petition regarding the alleged injuries and damages incurred by Plaintiff, however, the Court

concludes that the amount in controversy is not facially apparent. *See Brown v. Richard*, No. 00-1982, 2000 WL 1653835, at *4 (E.D. La. Nov. 2, 2000) ("While the jury demand for state court can be a factor in determining whether the amount in controversy requirement for federal jurisdiction is satisfied, this factor alone is not controlling to satisfy the jurisdictional requirement.").

Based on the foregoing, the allegations in the Petition do not support a finding that the amount in controversy is facially apparent. The Court will now consider whether the defendants have met their burden of establishing that the amount in controversy requirement is satisfied through the submission of summary judgment type evidence.

The removing defendant suggests that the amount in controversy requirement is satisfied because Plaintiff did not stipulate, prior to removal, that she was not seeking the jurisdictional amount. Plaintiff has no legal obligation to sign such a stipulation. Furthermore, the defendants have provided no evidence that Plaintiff refused to enter into a binding stipulation after being requested to do so. Even if she did refuse to enter into such a stipulation, such refusal "is but one factor for the court to consider." *Lipford v. Boehringer Ingelheim Pharm., Inc.*, No. 13-2858, 2014 WL 458359, at *5 (W.D. La. Feb. 4, 2014); *Lee v. Dillon*, No. 12-1413, 2012 WL 3263882, at *3 (W.D. La. Aug. 8, 2012) ("While not conclusive, the court does afford some weight to Plaintiff's refusal to stipulate."). Given the record in this action, the lack of any pre-removal binding stipulation is not a significant factor in determining the amount of controversy.

As to whether the removing party has established that the amount in controversy requirement is satisfied through the submission of any summary judgment type evidence, at most, the removing defendant submitted an unsigned, incomplete document providing that the medical records received show "that Plaintiff has undergone physical therapy and at least one

lumbar epidural steroid injection and at least one multilevel medial branch block to her lumbar spine" and "that Plaintiff could be a potential candidate for radiofrequency ablations based on the results of her multilevel medial branch block." (R. Doc. 1-3).  There is no evidence of medical expenses incurred.  No documentation or other summary judgment type evidence has been provided.  An incomplete draft document, not attributable to any particular person, is hardly sufficient.  There is also no evidence that Plaintiff has suffered any disc herniation or bulging, or that her treating physician has recommended surgery or any type of invasive treatment.[3] Defendants have also failed to provide any analysis regarding quantum based on the allegations they appear to attribute to the plaintiff.

Based on the foregoing, the Court concludes that removing defendant, which did not file an opposition to the instant Motion, has failed to meet its burden of establishing that the amount in controversy requirement is satisfied.

Finally, Plaintiff requests an award of actual expenses incurred as a result of the instant removal. (R. Doc. 7-1 at 4-5).  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The award of costs and expenses under § 1447(c) is discretionary and should only be awarded where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005).  The Court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Avitts v. Amoco Prod. Co.*, 111 F.3d 30,

---

[3] In the Joint Status Report, the defendants state that the radiologist reading the results of Plaintiff's lumbar MRI stated the films to be "unremarkable" and that Plaintiff's treating physician stated the MRI showed "fluid in the facet joints bilaterally at L2-3, L3-4, L4-5, and L5-S1 levels." (R. Doc. 8 at 2-3).

32 (5th Cir. 1997), *cert. denied*, 522 U.S. 977 (1997); *Miranti v. Lee*, 3 F.3d 925, 928-29 (5th Cir. 1993).  To be subject to an award of attorney's fees under § 1447(c), a defendant must have played a role in the decision to remove. *Avitts*, 111 F.3d at 32.  Although the Court concludes that it does not have diversity jurisdiction over the instant action, it finds that the removal was not objectively reasonable.

## IV.  Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 7) be **GRANTED**, and the action be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

**IT IS FURTHER RECOMMENDED** that the parties shall bear their own costs incurred as a result of the instant removal.

Signed in Baton Rouge, Louisiana, on October 18, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**